BARBER v. GENERAL ASPHALT CO. et al.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

PLEADING—MOTION TO STRIKE IMMATERIAL MATTER.

Where five answers of certain of the defendants for the same libel identical with that in question were served more than a year before a motion to strike irrelevant matter from the answer in question, and such answers stand as served, it would be idle to sustain the motion, and an order denying it will be sustained.

Appeal from Special Term.

Action by Amzi L. Barber against the General Asphalt Company and others for libel. From an order denying a motion to strike out portions of an answer, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Niles & Johnson (Hartwell Cabell, of counsel), for appellant.

Nicoll, Anable, Lindsay & Fuller (John D. Lindsay, of counsel), for respondents.

PER CURIAM. Plaintiff sues the General Asphalt Company and its directors for an alleged libel contained in a printed pamphlet containing the annual report of the defendant company to its stockholders. The answer occupies 106 pages of the printed record and covers matters extending from 1817 to the commencement of the suit.

We are of the opinion that certain portions of the answer are irrelevant, and might well have been stricken out, were it not for the fact that amended answers of the defendant company and four of the individual defendants, identical in form with that at bar, were served in October, 1906, more than a year before the motion was made, and so stand as served. The defendant Sewall served the answer under consideration on October 4, 1907, and as to him this motion was timely. Inasmuch as all of the defendants are sued for the same libel, in the same publication, upon the same ground, as being officers of the company which issued the annual report containing the matter complained of, it seems idle to strike from one answer that which is contained in five others.

The order appealed from is therefore affirmed, with $10 costs and disbursements.